UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

v.

EPHREM TIKU, et al.,

    Defendants.

Case No. 24-cv-00169-YGR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, a civil detainee currently in custody at Napa State Hospital ("NSH"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 stemming from alleged violations of his constitutional rights at NSH. Dkt. 1. He names as defendants the following NSH medical staff: Psychiatric Technician Ephrem Tiku and Registered Nurse ("RN") "Michael."[1] *Id.* at 2.[2] Plaintiff seeks punitive damages. *Id.* at 3.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at NSH, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.*

---

[1] Plaintiff did not provide defendant RN "Michael's" last name. Dkt. 1 at 2.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

1  § 1915A(b).  *Pro se* pleadings must be liberally construed, however.  *Balistreri v. Pacifica Police*
2  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged violation was committed by a person acting under the color of state law.  *West v.*
6  *Atkins*, 487 U.S. 42, 48 (1988).

    **B.**    **Legal Claims**

    The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  In particular, officials have a duty to protect inmates from violence at the hands of other inmates.  *See id.* at 833.  A prison official violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  *See id.* at 834.  In addition, deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

    Here, plaintiff claims that on November 27, 2023, at around 9:45 AM in "Unit t7," he was sitting on his bed when he was approached by another patient named Brian Hail.  Dkt. 1 at 3.  Hail told plaintiff that defendant Tiku "paid him some drugs to beat plaintiff['s] ass."  *Id.*  Hail then "called plaintiff a nigger and told plaintiff he would be killed."  *Id.*  Hail then "pushed plaintiff's head into the wall causing plaintiff to fall backward, hitting his head on the floor."  *Id.*  Plaintiff claims that he hurt his neck.  *Id.*  He requested medical attention from defendant RN "Michael," but his request was denied.  *Id.*  Liberally construed, the allegations of the complaint state a claim under section 1983 for deliberate indifference to plaintiff's safety in violation of his Eighth Amendment rights against defendant Tiku.  Plaintiff has also adequately linked defendant RN "Michael" to his Eighth Amendment claim for deliberate indifference to his serious medical needs.

**III.**    **CONCLUSION**

    For the foregoing reasons, the Court orders as follows:

    1.    Plaintiff has stated cognizable Eighth Amendment claims against defendants Tiku

and RN "Michael."

2. The following defendant(s) shall be served at NSH: **Psychiatric Technician Ephrem Tiku and Registered Nurse "Michael" from "Unit t7."**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR's") e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the complaint (Dkt. 1), this order of service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this Order on plaintiff.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants have been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's

Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1  should be denied and the district judge, rather than a jury, should determine the facts in a
2  preliminary proceeding. *Id*. at 1168.
3        If defendants are of the opinion that this case cannot be resolved by summary judgment,
4  they shall so inform the Court prior to the date the summary judgment motion is due. All papers
5  filed with the Court shall be promptly served on plaintiff.
6        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court
7  and served on defendants no later than **twenty-eight (28) days** after the date on which defendants'
8  motion is filed.
9        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of
10 the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
11 must do in order to oppose a motion for summary judgment. Generally, summary judgment must
12 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
13 any fact that would affect the result of your case, the party who asked for summary judgment is
14 entitled to judgment as a matter of law, which will end your case. When a party you are suing
15 makes a motion for summary judgment that is supported properly by declarations (or other sworn
16 testimony), you cannot simply rely on what your complaint says. Instead, you must set out
17 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
18 as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
19 documents and show that there is a genuine issue of material fact for trial. If you do not submit
20 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
21 If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154
22 F.3d at 962-63.
23       Plaintiff also is advised that—in the rare event that defendants argue that the failure to
24 exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
25 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
26 prejudice. To avoid dismissal, you have the right to present any evidence to show that you did
27 exhaust your available administrative remedies before coming to federal court. Such evidence
28 may include: (1) declarations, which are statements signed under penalty of perjury by you or

5

others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

       d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

       e.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

5.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

6.      All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.      It is plaintiff's responsibility to prosecute this case.  plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: June 27, 2024

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge